## (April 21, 1969)

■ ALGONQUIN GAS TRANSMISSION COMPANY, Plaintiff, v. HENRI KHOURY et al., Respondents, and JOHN F. SCHUETTE et al., Appellants, et al., Defendants.— In a condemnation proceeding, defendants Schuette appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated March 19, 1968, as, on reargument, adhered to the original decision and directed that the $1,700 previously deposited by plaintiff condemnor with the Commissioner of Finance of Westchester County, as compensation for an easement over premises No. 6 Fairview Avenue, Yorktown Heights, in said county, be paid over to defendants Khoury, as owners in possession of the premises at the time of the taking thereof. Order reversed insofar as appealed from, on the law, without costs, and proceeding remitted to the Special Term for a hearing and the allocation of the $1,700 condemnation compensation in accordance with the views herein set forth. The findings of fact below have not been affirmed. In our opinion, since no appeal was taken from the order of July 18, 1967, decreeing that plaintiff have title to the easement upon making a deposit of $1,700, plaintiff's deposit of such sum represents the fair and reasonable total compensation for the easement taken in the subject premises (*Algonquin Gas Transmission Co.* v. *Galli,* 31 A D 2d 937). This $1,700 sum must be divided between (1) respondents Khoury for the consequential damage sustained by the land during their possession and ownership and (2) appellants Schuette for the value of the easement finally acquired by plaintiff during the Schuette ownership, as of July 18, 1967 (*Algonquin Gas Transmission Co.* v. *Galli, supra*). Since the instant record fails to detail the damage to the land actually sustained, and the reasonable value of the restoration thereof, recoverable by respondents, and fails to sustain any valuation of the easement, binding upon appellants, the proceeding should be remitted to Special Term to take

proof upon these issues, and to apportion the $1,700 in issue, as shall appear appropriate, in accordance with the formula fixed in the case cited above. Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.